FILED

2014 JAN -7 PM 4:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11,<br><br>Plaintiff,<br><br>vs.<br><br>DANILO H. JAIME, et al.,<br><br>Defendants. | CASE NO. CV 13-9457-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On November 4, 2013, defendant Aracely Rodriguez lodged a Notice of Removal with respect to Los Angeles Superior Court Case No. 13F01546 (the "Complaint") and presented an application to proceed *in forma pauperis* (*see* docket for Case No. CV 13-8156-UA (DUTYx)). The Complaint alleged what appeared to be a routine state law unlawful detainer claim (the "Unlawful Detainer Action"). On November 14, 2013, the Court denied the *in forma pauperis* application and ordered that the Complaint be remanded to the state court, because it had been removed improperly and this federal court lacked jurisdiction over the Unlawful Detainer Action. The Court found, *inter alia*, that

"the underlying state action is a straight-forward unlawful detainer action, and therefore does not present a federal question" (*see* Docket No. 3 at 2).[1]

On December 24, 2013, another defendant in the Unlawful Detainer Action -- Danilo H. Jaime -- lodged a Notice Of Removal of the Unlawful Detainer Action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the application under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

As a threshold matter, the Notice of Removal is defective, because defendant Jaime failed to append a copy of the Complaint to the Notice of Removal. Nonetheless, the Court has taken judicial notice of the copy of the Complaint lodged in Case No. CV 13-8156-UA (DUTYx).

Defendant Jaime alleges that the Complaint originally could have been filed in federal court based on either federal question jurisdiction or diversity jurisdiction. However, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place, in that defendant Jaime does not competently allege facts supplying any basis for federal subject matter jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

With respect to federal question jurisdiction, the Court previously determined that the Complaint presents a routine state law unlawful detainer action and does not allege any federal question. Defendant Jaime asserts that federal question jurisdiction exists, because he withheld rent based upon plaintiff's alleged violations of the Fair Housing Act and 42 U.S.C. § 3604(f)(3)(A) and (C). Defendant Jaime's allegations regarding such violations may be raised as a defense in the Unlawful Detainer Action. To invoke removal based

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its files and records in Case No. CV 13-8156-UA (DUTYx), including the contents of the Complaint.

upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint the removal of which is sought. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if defendant Jaime can assert federal law violations to defend against the Unlawful Detainer Action in state court, any such defense does not confer federal question jurisdiction and, thus, is not a basis for removal.

With respect to diversity jurisdiction, even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000; indeed, the Complaint expressly alleges that the amount demanded "does not exceed $10,000." *See* 28 U.S.C. § 1332. Moreover, in his Civil Cover Sheet, defendant Jaime alleges that he is a California citizen. As a California citizen, defendant Jaime may not remove this action on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Long Beach Judicial District, 415 W. Ocean Blvd., CA 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/3/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE